JOSEPH THOMPSON, PLAINTIFF-RESPONDENT, v. THOMAS PETROZZELLO AND DOMENICK PETROZZELLO, TRADING AS PETROZZELLO BROTHERS, DEFENDANTS-APPELLANTS.

Decided June 17, 1927.

Negligence—Motor Vehicle Injured Because of Unsafe Condition of Highway Under Reconstruction—Defendants Had Left an Excavation Unguarded During the Night—There was Proof That There was no Barrier nor Red Light Seen—Such a Condition Constituted a Public Nuisance—Contributory Negligence Cannot Successfully be Set up Where the Tort Consists of a Public Nuisance—Contributory Negligence in Such a Case and Assumption of Risk Distinguished—Judgment For Plaintiff Affirmed.

On appeal from the East Orange District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Milton M. Unger.*

For the respondent, *Howard F. Barrett.*

PER CURIAM.

This appeal is before us on a state of the case settled by the trial judge of the East Orange District Court.

The case as settled is as follows: "The action was in tort to recover damages to plaintiff's automobile when it met with an accident on Rollinson street, in West Orange, New Jersey.

Rollinson street is a public highway in West Orange, New Jersey, running north and south and was paved with amesite up to the southerly curb of Pillot Place, West Orange, New Jersey. From that point and thence south to Hazel avenue, a distance of several hundred feet, the defendants, who were paving contractors, were laying a smooth concrete pavement. At the point where amesite pavement ended, and new concrete pavement commenced, the defendants had, for a distance of four feet, piled on earth to a height of six inches, and then

sloped it down with a drop of one and one-half inches per foot.

The contract and specifications of the defendants with the village of West Orange called for the laying of a six-inch concrete road, and on August 1st, 1925, the date of the alleged accident, the contractors were about ready to pour concrete.

The plaintiff's son, Joseph Thompson, on the night of August 1st, 1925, was driving his father's automobile from Livingston, New Jersey, and was headed for South Orange, New Jersey. The automobile was a seven-passenger car, and filled to capacity.

The night was clear and the automobile was being operated at about fifteen miles an hour. Lights of car were lighted. The occupants of the car were, including the driver, seven in number, and friends of the plaintiff or his family. All the occupants of the car were in court and testified. Their testimony was that they were traveling about fifteen miles an hour, when all of a sudden the car dropped into a hole, rolled a foot or so and stopped dead. They all got out of the car, found that front wheels of car were in an excavation or depression. That there was no barrier across the street, nor red light across the road. That there was a red light on a concrete mixer on the side of road some few feet to the rear of the car. With the aid of a flashlight they saw oil leaking, and that the pan under crank case was bent. The car could not be moved and had to be towed to their home. Some two weeks later it was repaired. The driver of car further testified that he had never driven in this street before.

The defendants bring on their witnesses, Mr. Samuel De-Manci, an employe of Petrozzello Brothers; Mr. James Petrozzello and Peter Schmitt. Samuel DeManci testified that on August 1st, 1925, at about four o'clock in the afternoon, he put a barrier across the southerly cross-walk of Rollinson street and Pillot Place, and placed on it three lanterns, filled with kerosene and lighted. Said he came the next morning and found lanterns all lit and barriers in same position as he had left them the night before. James Petrozzello

testified that there were two lights on mixer on the side of road and three lights on the barrier across the road. He testified he was on job Sunday morning and found it same as it was the night before. Peter Schmitt testified that he made it his duty to see lanterns were filled, and that barriers were put up every night, three lights on them. That he did not get to the job until Monday morning.

At close of plaintiff's case, counsel for the defendants moved for a nonsuit on the following grounds:

"1. Evidence failed to disclose any legal liability on part of defendants.

"2. The plaintiff was guilty of contributory negligence.

"3. The plaintiff had failed to make out a *prima facie* case.

"Motion of nonsuit denied."

Exception to court's ruling taken and granted, and at close of case defendants moved for a judgment in their favor on the following grounds:

"1. The evidence failed to disclose any legal liability on part of defendants.

"2. The plaintiff was guilty of contributory negligence.

"3. Plaintiff had failed to make out a *prima facie* case.

"4. Defendants were free of negligence.

"I found the defendants guilty of negligence alleged in the state of demand and assessed the damages in the sum of $300, and judgment was entered in favor of plaintiff and against the defendants for that sum.

"Case settled and signed by me this 6th day of November, 1926.

"WILLIAM V. RAFFERTY,

"*Judge of East Orange District Court.*"

The first point urged in appellant's brief is, that the evidence failed to disclose any legal liability on the part of the defendants-appellants. According to the state of the case the defendants made an excavation or depression in a public highway, and according to the testimony adduced on part of the plaintiff, they left the excavation or depression unguarded in the night time, whereby the plaintiff's automobile,

which was being operated along the road at a speed of about fifteen miles an hour, dropped into the excavation and was damaged.

There was proof, on part of the plaintiff, that there was no barrier or red light across the road. This became a disputed question of fact for the trial judge to decide. Of course, there being testimony that the defendants made the depression or hole in the public highway and that they failed to properly guard it, the trial judge was warranted in finding that there was negligence on part of the defendants for which they were answerable in damages to the plaintiff, unless he disentitled himself from a recovery by his own negligence proximately contributing to his injury.

Such a condition existing in the highway, as testified to by the plaintiff and his witnesses, constituted a public nuisance. It goes without saying that if the plaintiff saw a barrier and a red light displayed and deliberately disregarded the warning and thereby was injured, he would be debarred of a recovery. The burden of establishing such a defense was on the defendants. The trial judge, sitting as a jury, found the defendants guilty of negligence and found for the plaintiff and assessed his damages at $300. This finding negatived the contention on behalf of the defendants that the plaintiff was guilty of contributory negligence.

We are not to be understood as intimating that contributory negligence can be successfully set up as a defense where the tort consists of a public nuisance. In such a case, as that of a nuisance, where a person knows of the danger and voluntarily assumes the risk thereof and sustains an injury, it is well settled by the cases, under the doctrine of assumption of risk, he is debarred of a recovery.

Lastly, it is argued that there was no evidence to sustain the assessment of damages in the sum of $300. The answer to this is, that the finding of the court that the damages were $300 will be presumed to rest upon competent proof if nothing appears to the contrary. *O'Neill* v. *Pearse,* 87 *N. J. L.* 382; *Smarak* v. *Legusse,* 91 *Id.* 57.

Judgment is affirmed, with costs.